IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL INSLIP DIVISION

| | |
|---|---|
| ANUPA GOPAUL,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>OMNITRANS INC. AND METRO CUSTOMS BROKERS INC.,<br><br>　　　　　　　Defendants. | Case No.: 2:25-cv-06824<br><br>**COMPLAINT AND DEMAND FOR <u>JURY TRIAL</u>** |

Plaintiff Anupa Gopaul (hereinafter the "Plaintiff"), by and through her attorneys, Sage Legal LLC, hereby complains of the Defendants Omnitrans Inc. (hereinafter "Omnitrans") and Metro Customs Brokers Inc. (hereinafter "Metro") (Omnitrans and Metro collectively hereinafter the "Defendants"), upon information and belief, as follows:

## NATURE OF THE ACTION

1.　Plaintiff brings this case alleging that Defendants have violated the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601–2654), the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213), and the New York State Human Rights Law ("NYSHRL") (New York Executive Law §§ 290–301).

2.　Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of interference with her rights to job-protected leave, being discriminated against on the basis of her actual and/or perceived disability, and retaliated against following her requests for leave and/or a reasonable accommodation.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA and ADA.

4. This Court has supplemental jurisdiction over related state claims of the NYSHRL against Defendants under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of New York.

**PROCEDURAL REQUIREMENTS**

6. Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue (the "Notice") from the EEOC on September 15, 2025, with respect to the herein charges of discrimination and retaliation.

8. A copy of the Notice o is annexed hereto as **Exhibit "A."**

9. This case is being commenced within ninety (90) days of receipt of the Notice.

10. Plaintiff therefore exhausted her administrative remedies as is required by the ADA.

**PARTIES**

11. At all relevant times, Plaintiff was and is a citizen of the State of New York residing in Queens County.

12. Upon Information and belief, Defendants are corporations duly existing pursuant to, and by virtue of, laws of Canada, which are authorized to do business in the State of New York.

13. Upon information and belief, Defendants employ more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

14. At all relevant times, Plaintiff was an employee of Defendants, located at 1325 Franklin Avenue, Suite 103, Garden City, NY 11530.

## STATEMENT OF FACTS

15. Plaintiff commenced employment with Defendants in or about September 2021, wherein she served as a dispatcher.

16. Plaintiff's job duties included handling updates and payments.

17. Plaintiff steadfastly performed her job duties in a loyal, efficient, and reliable manner and due to her excellent performance.

18. Plaintiff's performance was so excellent, in fact, that Defendants raised her compensation.

19. However, on February 7, 2024, Plaintiff was tragically involved in a motor vehicle accident.

20. The accident caused her to suffer traumatic injuries on her neck, right shoulder, right hand and right knee, rendering her disabled.

21. Plaintiff immediately informed the Defendants that she would need to take a leave starting on February 7, 2023.

22. Plaintiff's doctor recommended, *inter alia*, that she should avoid sitting for more than fifteen to twenty (15-20) minutes at a time, seek physical therapy, and informed her of similar limitations.

23. Plaintiff obtained medical records supporting her need for leave and a reasonable accommodation and provided them to the Defendants.

24. Despite this fact, Defendants responded to Plaintiff's request in a hostile manner.

25. Defendants neither provided Plaintiff FMLA certification paperwork, nor engaged with her in any interactive process.

26. Instead, Defendants told Plaintiff to apply for disability.

27. Defendants never provided Plaintiff information of her rights under the FMLA.

28. When Plaintiff asked Defendants if she could be placed on restricted duty, the Defendants made no effort to hide their frustration with Plaintiff's request, and never got back to her.

29. Notwithstanding Plaintiff's numerous requests for FMLA leave, the Defendants refused to acknowledge her request and continuously failed to inform Plaintiff of her eligibility for FMLA leave.

30. Defendants required Plaintiff to regularly sit for long periods of time and work a fixed schedule, totally disregarding the recommendations of Plaintiff's doctor.

31. Although sitting for long periods of time and/or working a fixed schedule are functions of Plaintiff's position, she would have been able to perform the essential functions of her job with a reasonable accommodation.

32. Plaintiff knew that it was possible to accommodate her request.

33. For example, Defendants could have allowed her to work remotely, provided a standing desk, and/or granted her breaks to permit her to avoid sitting for long periods of time.

34. Plaintiff underwent surgery on her knee in the late October 2023, and on her spine on February 13, 2024.

35. Plaintiff kept the Defendants apprised of her prognosis and provided all paperwork to the Defendants concerning her medical condition.

36. Each such submission of medical documentation contained recommendations and thus constituted a request for reasonable accommodation which required Defendants to engage in an interactive dialogue with Plaintiff.

37. However, this never occurred as Defendants failed to comply with their obligations under the law.

38. Only a few months after Plaintiff requested a reasonable accommodation, the Defendants' demeanor drastically changed towards the Plaintiff.

39. On July 9, 2024, the Defendants terminated Plaintiff's employment, despite the fact that the Plaintiff specifically sought to return to work part-time in early June 2024.

40. After repeated requests and follow ups made by the Plaintiff, the Defendants responded to Plaintiff's requests for reasonable accommodation by summarily firing her.

41. Defendants terminated Plaintiff on the ground that they could not hold her job open for her, without once ever: (i) inquiring as to her prognosis; (ii) determining her ability to return to work; or (iii) determining whether she could do so with a reasonable accommodation.

42. Such action on the part of the Defendants was clearly a pretext for Plaintiff's earlier requests for an accommodation, as Defendants could not even provide any basis for her termination.

43. Accordingly, as a result of Defendants' blatant and willful violations of multiple federal and state employment laws, including her protected rights against interference and retaliation, Defendants' actions have collectively detrimentally affected Plaintiff's emotional state of mind and caused her financial harm, as well.

44. It is clear from the extremely short temporal proximity of Plaintiff's request for accommodations and Defendants' decision to terminate her that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

45. Rather than engaging in a meaningful interactive dialogue, Defendants terminated Plaintiff in order to avoid providing a reasonable accommodation as is required by law.

46. Accordingly, Plaintiff has been unlawfully discriminated against on the basis of her actual and/or perceived disabilities, and retaliated against for requesting an accommodation.

47. Defendants acted intentionally and intended to harm Plaintiff.

48. Defendants treated Plaintiff this way solely due to her disability, whether actual and/or perceived and for requesting an accommodation.

49. Alternatively, Defendants' decision to terminate Plaintiff was at least in part substantially motivated by the advent of her disability and need for reasonable accommodation.

50. Defendants retaliated against Plaintiff solely because she requested accommodation in view of her actual disability.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

52. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53. Plaintiff was and is disabled and has a serious health condition within the meaning of the FMLA, ADA, and NYSHRL and/or Defendants perceived Plaintiff to be disabled.

54. Plaintiff is a qualified individual by virtue of her prior experience acting as a dispatcher who can perform the essential functions of her employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

55. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the FMLA and ADA, including, but not limited to sitting for long periods of time and similar limitations.

56. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against her for seeking to permit her to seek leave as is her right under the law.

57. The above are just some of the ways the Defendants discriminated and retaliated against the Plaintiff while employing her.

58. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

59. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

60. As such, Plaintiff demands punitive damages as against Defendants.

## AS A FIRST CAUSE OF ACTION FOR RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

62. Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of here.

63. Defendants, despite actual knowledge of the of the prescribed modified work activity by Plaintiff's doctor, simply ignored the same and nonetheless scheduled Plaintiff for full workdays.

64. When Plaintiff insisted Defendants to consider the said modified work activity prescribed above, Defendants decided to terminate Plaintiff's employment.

65. Plaintiff suffered an adverse employment action when she was wrongfully terminated.

66. Defendants' alleged reason for terminating Plaintiff's employment is pretextual and baseless.

67. They fired Plaintiff because she asserted a right recognized under the FMLA.

68. Defendants' conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

69. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

70. Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

71. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

72. Section 12112 of the ADA, titled "Discrimination," provides:

    a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application

procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

73. Defendants violated this section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

74. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. The ADA prohibits retaliation, interference, coercion, or intimidation.

76. Section 12203 of the ADA provides:

b. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

c. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her or her having exercised or enjoyed, or on account of her or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

77. Defendants violated this section as set forth herein.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

78. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

79. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

80. Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law by creating and maintaining discriminatory working conditions, discriminating against the Plaintiff because of his race and disability, and terminating Plaintiff as a result of his temporary disability.

81. As a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of lower Courts.

## AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

82. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed practices forbidden under this article."

84. Defendants engaged in an unlawful discriminatory practice by retaliating, continuing and escalating the discrimination and hostile work environment to which the Plaintiff

10

was subjected, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

85. Defendants further engaged in an unlawful retaliatory practice by insisting Plaintiff to perform her duties on a full schedule despite her physical condition and ultimately terminating Plaintiff's employment after and as a result of her disability and complaints of Defendant's unlawful employment practices.

86. Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for complaining about Defendant's violation of the New York State Executive Law.

87. As a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS A FIFTH CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

88. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89. New York State Executive Law § 296 provides for a hostile work environment claim where Plaintiff shows that she was subjected to a hostile work environment on the basis of her disability or perceived disability.

90. Plaintiff found her work environment to involve serious or pervasive harassment based on her actual and/or perceived disability.

91. As a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## JURY DEMAND AND PRAYER FOR RELIEF

92. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FMLA, ADA, and NYSHRL, in that Defendants discriminated and retaliated against Plaintiff on the basis of her actual and/or perceived disability and requesting an accommodation.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Flushing, New York
       December 11, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Anupa Gopaul*